UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

INEZ K. SATTERFIELD,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

Defendant.
_______________________________________)

**COMPLAINT**

The Plaintiff, INEZ K. SATTERFIELD ("SATTERFIELD"), by and through her undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. SATTERFIELD brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. SATTERFIELD was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to SATTERFIELD.

6. SATTERFIELD at all times material was an employee of Toyota Boshoku America, Inc.

7. SATTERFIELD was at all times material a plan participant under the Toyota Boshoku America, Inc. Long Term Disability Plan, Group Contract Number G-45816-KY, which was established by Toyota Boshoku America, Inc. and pursuant to which SATTERFIELD is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. PRUDENTIAL is the insurer of benefits under the LTD Plan and is the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

11. PRUDENTIAL is the fiduciary charged with making benefit determinations under the

LTD Plan, including the determinations made on SATTERFIELD's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, SATTERFIELD is entitled to LTD benefits for the duration of her disability for so long as she remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan, disability is defined as follows:

> **How Does Prudential Define Disability?**
>
> You are disabled when Prudential determines that:
>
> - you are unable to perform the ***material and substantial duties*** of your ***regular occupation*** due to your ***sickness*** or ***injury***, and
> - you are under the ***regular care*** of a ***doctor***, and
> - you have a 20% or more loss in your ***monthly earnings*** due to that sickness or injury.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:
>
> - you are unable to perform the duties of any ***gainful occupation*** for which you are reasonably fitted by education, training or experience; and
> - you are under the regular care of a doctor.

14. At all relevant times, SATTERFIELD complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately July 4, 2012, SATTERFIELD has been disabled under the terms of the LTD Plan.

16. Since on or about July 4, 2012, due to sickness or injury, SATTERFIELD has been unable to perform the material and substantial duties of her regular occupation.

17. Since on or about July 4, 2012, due to sickness or injury, SATTERFIELD has had a 20% or more loss in her monthly earnings.

18. Since on or about July 4, 2012, due to sickness or injury, SATTERFIELD has been unable to perform the duties of any gainful occupation for which she is reasonably fitted by

education, training or experience.

19. At all relevant times, SATTERFIELD has been under the regular care of a doctor.

20. At all relevant times, SATTERFIELD was a Covered Person under the LTD Plan.

21. Shortly after becoming disabled, SATTERFIELD made a claim to PRUDENTIAL under the LTD Plan for disability benefits.

22. PRUDENTIAL initially approved SATTERFIELD's claim for LTD benefits and paid benefits through December 30, 2014.

23. By letter dated September 9, 2014, PRUDENTIAL terminated SATTERFIELD's continued receipt of LTD benefits as of December 31, 2014, contending that SATTERFIELD no longer satisfied the definition of disability beyond December 30, 2014.

24. SATTERFIELD timely and properly submitted an appeal of PRUDENTIAL's September 9, 2014 denial.

25. By letter dated November 11, 2014, PRUDENTIAL affirmed its previous decision to deny SATTERFIELD's claim for LTD benefits and advised that a second optional appeal would be allowed and considered.

26. SATTERFIELD timely and properly submitted an appeal of PRUDENTIAL's November 11, 2014 denial letter.

27. By letter dated May 14, 2015, PRUDENTIAL affirmed its previous decision to deny SATTERFIELD's claim for LTD benefits and advised SATTERFIELD that she had exhausted the administrative remedies.

28. From December 31, 2014 to the present date, SATTERFIELD has not received benefits owed to her under the LTD Plan despite SATTERFIELD's right to these benefits.

29. PRUDENTIAL has refused to pay SATTERFIELD's LTD benefits.

30. At all relevant times, PRUDENTIAL was the payer of benefits.

31. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

32. At all relevant times, PRUDENTIAL was the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

33. At all relevant times, SATTERFIELD has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

34. SATTERFIELD has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

35. SATTERFIELD incorporates Paragraphs 1 through 34 as if fully set forth herein.

36. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

37. Pursuant to 29 U.S.C. §1132(a)(1)(B), SATTERFIELD, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

38. SATTERFIELD has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of PRUDENTIAL's failure to pay her disability benefits.

39. SATTERFIELD has exhausted all administrative remedies under the LTD Plan.

40. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to SATTERFIELD at a time when PRUDENTIAL knew, or should have known, that SATTERFIELD was entitled to those benefits under the terms of the LTD Plan, as SATTERFIELD was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of SATTERFIELD's claim for LTD benefits;

(c) After SATTERFIELD's claim was terminated in whole or in part, PRUDENTIAL failed to adequately describe to SATTERFIELD any additional material or information necessary for SATTERFIELD to perfect her claim along with an explanation of why such material is or was necessary.

(d) PRUDENTIAL failed to properly and adequately investigate the merits of SATTERFIELD's disability claim and failed to provide a full and fair review of SATTERFIELD's claim.

41. SATTERFIELD believes and thereon alleges that PRUDENTIAL wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which SATTERFIELD is presently unaware, but which may be discovered in this future litigation and which SATTERFIELD will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by SATTERFIELD.

42. Following the termination of benefits under the LTD Plan, SATTERFIELD exhausted all administrative remedies required under ERISA, and SATTERFIELD has performed all

duties and obligations on her part to be performed under the LTD Plan.

43. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, SATTERFIELD has damages for loss of disability benefits in a total sum to be shown at the time of trial.

44. As a further direct and proximate result of this improper determination regarding SATTERFIELD's claim for benefits, SATTERFIELD, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SATTERFIELD is entitled to have such fees and costs paid by PRUDENTIAL.

45. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, SATTERFIELD is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, INEZ K. SATTERFIELD prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 1, 2017

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com